# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

FILED
JAN 28 2022
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

One Apple iPhone Model 12 Pro Max
IMEI: 354860896778262

Case No. 2:22sw 11

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
One Apple iPhone Model 12 Pro Max IMEI: 354860896778262 currently in the custody of the U.S. Department of Homeland Security, Homeland Security Investigations, 200 Granby Street, Suite 600, Norfolk Virginia 23510

located in the ___Eastern___ District of ___Virginia___, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment A

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☒ evidence of a crime;

☒ contraband, fruits of crime, or other items illegally possessed;

☒ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841, 843(b) and 846 | Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance and Use of a Communication Facility to Cause, Commit and Facilitate a Felony Violation of the Controlled Substances Act |

The application is based on these facts:
See Attached Affidavit

☒ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Reviewed by AUSA/SAUSA:
Darryl J. Mitchell Assistant U.S. Attorney
*Printed name and title*

_____
Applicant's signature
H.S.I. Task Force Officer Tammy M. Regan
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 1-28-22

City and state: Norfolk, Virginia

_____
Judge's signature
Lawrence R. Leonard
United States Magistrate Judge
*Printed name and title*

## ATTACHMENT A

### Items to be Seized

1. All records, contained in one (1) cellular phone, One iPhone 12 Pro Max IMEI: 354860896778262, (hereinafter collectively referred to as the "Device"), that relate to violations of 21 U.S.C. §§ 841, 843(b) and 846, that is, Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance, and Use of a Communication Facility to Cause, Commit and Facilitate a Felony Violation of the Controlled Substances Act; including:

   (1) Any address books, phone books, names and lists of names, addresses, phone numbers;

   (2) Any call logs created by the phone;

   (3) Any record of text messages;

   (4) Any electronic data to include, digital photographs, videos, or audio Recordings;

   (5) Any subscriber or owner information;

   (6) Any cellular telephone records, and telephone books or lists, or receipts relating to the acquisition and purchase of cellular telephones, or minutes purchased or applied to cellular telephones; and

   (7) Any geo-location meta data associated with photographs and video images.

2. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

3. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**IN THE MATTER OF THE SEARCH OF:**

**(1) Mobile Device as follows:**
1. Apple iPhone Model 12 Pro Max, IMEI: 354860896778262.



FILED
JAN 2 8 2022
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Tammy M. Regan, being duly sworn, depose and state as follows:

1. Your affiant is a law enforcement officer within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in 18 U.S.C. § 2516. Your affiant is currently employed as a Police Officer with the Virginia Beach Police Department (VBPD) since 2005. While employed by the Virginia Beach Police Department your affiant is assigned for the last approximately twelve (12) years as a narcotics investigator. Since 2016, this Affiant has been assigned as a Task Force Officer with the Department of Homeland Security, Homeland Security Investigations (HSI), and during this time she has completed the Task Force Officer School. Your affiant is currently assigned to the Norfolk, Virginia Office and has conducted investigations focusing on domestic narcotics trafficking involving the unlawful importation, transportation, and distribution of controlled substances and related money laundering activities. Through investigations and training, your affiant has become familiar with the methods and schemes employed by narcotics distributors to obtain, smuggle and distribute illegal narcotics and the related money laundering activities. Your affiant has executed numerous search warrants on the businesses, residences and electronic devices of individuals involved in various illegal activities. This affiant is familiar with their numerous methods of concealing the whereabouts of their illegal activities, the methods they use to keep law enforcement officers from finding evidence of drug trafficking operations and methods they employ to avoid innocent citizens from observing things indicative of drug trafficking. Your affiant is also familiar with the extreme paranoia surrounding most drug traffickers and with common ways in which drug distributors attempt to conceal their assets, their purchases, and other financial dealings that could be traced to them.

2. This affidavit is being submitted in support of an Application for a Search Warrant for the contents maintained within a mobile device seized from Servonte Rhamone SMITH during the arrest of SMITH on January 18, 2022 in Norfolk, Virginia on a warrant issued by this Court following the return of an indictment on January 6, 2022 charging SMITH with conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841 and use of a communication facility to cause, commit and facilitate a felony violation of the Controlled Substances Act, in violation of 21 U.S.C. § 843(b). The mobile device is currently in the custody of the Department of Homeland Security, Homeland Security Investigations located at 200 Granby Street, Suite 600, Norfolk, Virginia 23510.

3. Based upon the information summarized in this application and affidavit, I have reason to believe that evidence of violations of 21 U.S.C. §§ 841, 843(b) and 846, that is, conspiracy to

distribute and possess with intent to distribute a controlled substance and use of a communication facility to cause, commit and facilitate a felony violation of the Controlled Substances Act, exists in electronic format maintained in this cellular/wireless telephone described as follows:

**1. Apple iPhone Model 12 Pro Max, IMEI: 354860896778262.**

4.      The statements contained in this affidavit are based on information provided in part by other law enforcement officers and on my experience and background. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence of violations of 21 U.S.C. §§ 841, 843(b) and 846 exists within the electronic content of this cellular/wireless telephone.

5.      As a result of my training and experience, I am familiar with how methamphetamine is used and the typical distribution and trafficking methods used by methamphetamine distributors. In addition, I am also familiar with the typical methods used by methamphetamine traffickers to "courier" and clandestinely transport the illegal product and proceeds of the illegal activity.

6.      Drug traffickers who utilize overnight courier services commonly use computers and electronic mobile devices with access to the internet to track the shipments of money and illegal drugs. Evidence of these searches and tracking can be memorialized or stored on these devices.

7.      Based upon my training and experience, as well as the corporate knowledge and experience of other investigators, I am aware that it is a common practice for drug traffickers to maintain on their persons, in their mobile devices, or in their residences, electronic and traditional paper records, relating to their drug trafficking activities. Because drug traffickers in many instances will be "fronted" controlled substances from their suppliers, such record-keeping is necessary to keep track of amounts paid and owed, and such records will also be maintained close at hand so as to readily ascertain current balances. Often drug traffickers keep "pay and owe" records to show balances due for drugs sold in the past, "pay," and for expected, "owe," as to the trafficker's supplier. Additionally, drug traffickers must maintain telephone listings of clients and suppliers and keep them immediately available in order to efficiently conduct their drug trafficking business.

8.      Drug traffickers will commonly utilize multiple wireless/cellular telephones and frequently destroy or switch SIM cards within the phones in an effort to thwart law enforcement. SIM cards are small, printed circuit boards that must be inserted in any mobile phone when signing on as a subscriber. It contains subscriber details, security information and memory for a personal directory of numbers. The SIM card also stores data that identifies the caller to the network service provider.

9.      It is also common practice for drug traffickers to conceal large sums of money, the proceeds from their illegal enterprise. In this connection, drug traffickers typically make use of wire transfers, cashier's checks, money, and/or pre-paid stored value card in orders to pay for that which is necessary to maintain and continue the illegal enterprise, usually coordinated through the use mobile devices. Evidence of such financial transactions, or coordination to conduct these transactions, would also typically be maintained in residences or electronic devices close to the subject, with the ability to be protected by a pass code.

2

**Details of the Investigation:**

10.     Since August 2021, the investigative team, comprised of members of Homeland Security Investigations (HSI), the United States Postal Inspection Service (USPIS), and the Virginia Beach Police Department (VBPD), have been conducting an investigation related to the distribution of methamphetamine and marijuana in the Eastern District of Virginia (EDVA) shipped from the Los Angeles, California area. During the course of this investigation, members of the investigative team determined that Servonte Rhamone SMITH a/k/a "Wave" was responsible for the coordination and shipment of methamphetamine and marijuana into EDVA from the Los Angeles, California area. Members of the investigative team had previously investigated SMITH in separate narcotic trafficking investigations in 2017 and 2018. During the 2018 investigation, investigators learned that SMITH was involved with a conspiracy to distribute methamphetamine, cocaine, heroin, and fentanyl. During the 2018 investigation, SMITH was responsible for shipping parcels of controlled substances from the Los Angeles, California area to EDVA.

11.     On August 24, 2021, members of the investigative team interviewed a confidential source (CS#1) who identified "Wave" (SMITH) as a narcotics trafficker currently residing in the Los Angeles, California area. CS#1 advised that SMITH is originally from the Tidewater area of Virginia. CS#1 provided SMITH's cellular phone number (424) 362-5524 to investigators. An administrative subpoena issued to the service provider for (424) 362-5524 identified the subscriber as Servonte R. Smith with an address of 5404 Greenbrook Drive, Portsmouth, VA.

12.     Upon meeting SMITH in July 2020, SMITH advised CS#1 that SMITH could supply him/her with multiple types of narcotics, including methamphetamine, heroin, cocaine, and marijuana. SMITH subsequently sent CS#1 mail parcels containing narcotics through FedEx and UPS. CS#1 identified 5104 Condor Street, Virginia Beach, VA 23462 and 5115 Condor Street, Virginia Beach, VA 23462 as two addresses at which CS#1 had received methamphetamine parcels sent by SMITH. According to CS#1, in July 2021, CS#1 received 14 pounds of methamphetamine in three separate parcels shipped by SMITH from California to Virginia. CS#1 identified UPS and FedEx as the carriers SMITH used to ship parcels containing illegal narcotics to CS#1. CS#1 advised that SMITH has narcotics customers up and down the east coast of the United States. CS#1 has previously provided information to the investigative team that resulted in the seizure of controlled substances and the arrest and prosecution of multiple individuals. The information previously provided by CS#1 was verified as truthful and accurate by the investigative team.

13.     During the first week of September 2021, members of the investigative team utilized CS#1 to place a series of phone calls to SMITH utilizing mobile telephone number (424) 362-5524. During these calls, SMITH informed CS#1 that he planned to send CS#1 a quantity of methamphetamine to addresses provided by CS#1. The addresses CS#1 provided to SMITH were 5104 Condor Street, Virginia Beach, Virginia 23462 and 5115 Condor Street, Virginia Beach, Virginia 23462.

14.     On September 9, 2021, members of the investigative team responded to the Federal Express facility at 2648 International Parkway, Norfolk, and located two parcels that were shipped from Box City 5, a shipping company Pasadena, California. One parcel was addressed to 5115 Condor Street, Virginia Beach, VA 23462 with tracking number 2834 1192 8464. The

second parcel was shipped to 5104 Condor Street, Virginia Beach, VA 23462 with tracking number 2834 2139 1677. Both parcels were shipped using FedEx Express with an expected delivery date of September 10, 2021, however both parcels arrived a day early. A VBPD drug dog alerted on each parcel. Investigators executed state search warrants on each parcel. The parcel with the tracking number ending in 8464 was found to contain approximately 4,525.6 grams of methamphetamine. The parcel with the tracking number ending in 1677 was found to contain approximately 4,447 grams of methamphetamine. These results were confirmed by laboratory analysis. Methamphetamine is a Schedule II controlled substance.

15.     On September 9, 2021, at approximately 10:00 a.m., members of the investigative team encountered SMITH at the Norfolk International Airport after he landed on a Delta flight originating in California. SMITH was detained and interviewed. After he waived his *Miranda* rights, SMITH initially admitted to distributing marijuana but denied trafficking methamphetamine. Later during the interview, SMITH admitted to organizing and acquiring methamphetamine through a methamphetamine source in California to be shipped to the Hampton Roads area. SMITH also admitted to using local addresses for the shipment of marijuana. Referring to procuring methamphetamine in California for distribution to customers in EDVA, SMITH advised, "You can make $10,000 per pound this way." SMITH indicated the money is sent directly to "the Mexicans." SMITH explained that one pound of methamphetamine can be obtained for $900 in California if you purchase a large enough quantity. SMITH admitted to purchasing $40,000 worth of methamphetamine on one occasion. SMITH denied that he personally mailed the parcels of methamphetamine from California to Virginia.

16.     During the interview, SMITH was observed deleting a photograph on his mobile telephone. SMITH admitted he took a photograph of a tracking number (for a drug parcel) but that he normally provided the tracking numbers to his drug customers on Facetime (video calls). SMITH consented to your affiant's request to search the contents of his mobile telephone. In SMITH's cellphone your affiant observed in the "Notes" application typewritten addresses for 5104 Condor Street, Virginia Beach, VA 23462 and 5115 Condor Street, Virginia Beach, VA 23462. SMITH also had photographs depicting paper receipts for parcels shipped from California to Virginia on his mobile telephone.

17.     One photograph located on SMITH's phone depicted part of a receipt for two packages shipped from Box City 5 in Pasadena, California to 5115 Condor Street, Virginia Beach, Virginia. The photograph of the receipt showed that one parcel was shipped through FedEx to 5115 Condor Street, Virginia Beach, VA 23462 with tracking number 2834 2139 1677, the same parcel seized earlier that day and found to contain methamphetamine. The second parcel listed on the receipt was shipped through UPS to 5115 Condor Street, Virginia Beach, VA 23462 with a tracking number of 1Z93W8761290240664. [This parcel had not yet been intercepted by the investigative team.] The receipt displayed a scheduled delivery date of September 10, 2021, for the second parcel.

18.     During the interview, SMITH showed this affiant two Portsmouth, Virginia addresses on his phone where SMITH indicated two parcels containing methamphetamine were scheduled to be delivered on September 10, 2021.

19.     SMITH provided your affiant consent to forensically download his **Apple iPhone, Model 12 Max Pro IMEI:   354860896778262** mobile telephone. SMITH was released after the interview. A forensic examination was conducted on SMITH's mobile telephone. Located

4

additionally on SMITH's phone were photographs depicting the remaining parts of the paper receipt showing additional suspected drug parcels sent from California to Virginia. The photographs of the paper receipt showed that one parcel was shipped through UPS to Jason Williams, 4608 W Norfolk Road, Portsmouth, VA with tracking number 1Z93W8761294762245 and a scheduled delivery date of September 10, 2021. The photographs showed that another parcel was shipped through UPS to Zachary Hill, 2325 Elliott Avenue, Apt 3A, Portsmouth, VA 23702 with tracking number 1Z93W8761293326834. Also, the photographs depicted a paper receipt for the FedEx parcel seized earlier that was addressed to 5104 Condor Street, Virginia Beach, VA 23462 with tracking number 283411928464. SMITH's cell phone was returned to him later in the day (September 9, 2021). It was later discovered that only a partial extraction was obtained from the iPhone. The forensic examination failed to preserve the contacts, call detail records, SMS messages (text messages), MMS messages (photo messages), emails, and other digital data stored on SMITH's mobile telephone, examples of which were observed by your affiant.

20. On September 10, 2021, members of the investigative team located the three additional parcels referenced in the photographs of the paper receipt found on SMITH's phone. A VBPD drug dog alerted on each of the two parcels discovered at the UPS facility in Suffolk, Virginia. Investigators subsequently executed search warrants on each of the parcels. The parcel with a tracking number ending in 2245 was found to contain approximately 4,411.9 grams of methamphetamine. The parcel with a tracking number ending in 6834 was found to contain approximately 4,431.2 grams of methamphetamine. Finally, a VBPD drug dog alerted on a parcel discovered at the UPS facility in Virginia Beach. At 10:49 a.m., investigators executed a search warrant on the parcel with a tracking number ending in 0664 and discovered approximately 4,476 grams of methamphetamine. All of these results were confirmed by laboratory analysis.

21. During the investigation, members of the investigative team received information that FedEx records revealed that suspected methamphetamine parcels were also being shipped by SMITH to 5654 High St. W, Apt. D, Portsmouth, VA 23703. An analysis of telephone call detail records subsequently obtained by the investigative team for SMITH's iPhone showed that SMITH communicated with phone number (757) 275-6889 between June 2, 2021, and October 1, 2021. Through investigative means, investigators learned that (757) 275-6889 was subscribed to a Margo Walker with an address of 3823 Meherrin River Reach, Portsmouth, Virginia.

22. On November 12, 2021, USPIS Inspector Sylvester identified a parcel shipped from California to R Jackson, 5654 High St. W, Apt. D, Portsmouth, Virginia with a tracking number of 9505 5266 0691 1315 4879 35. On November 15, 2021, Inspector Sylvester identified and located two additional parcels shipped from California and destined for 3823 Meherrin River Reach, Apt. A, Portsmouth, VA 23703 with tracking numbers 9405 5092 0556 8851 0404 28 and 9405 5092 0556 8851 0404 39. The three parcels were shipped from the Los Angeles, California area. This Affiant expects to find evidence of past shipments to include the parcels shipped and seized on November 12, 2022, and November 15, 2022, communication between SMITH and other co-conspirators, as well financial records evidencing narcotic trafficking on SMITH's iPhone.

23. On November 15, 2021, USPIS Inspector Sylvester obtained federal search warrants for the three parcels after a narcotics detection canine alerted on each of the parcels. The parcel with tracking number 9505 5266 0691 1315 4879 35 contained approximately 2 lbs., 2.95 ounces of

5

marijuana. The parcel with tracking number 9405 50920556 8851 0404 28 contained approximately 6 lbs., 2 ounces of marijuana. The parcel with tracking number 6405 5092 0556 8851 0404 39 contained approximately 6 pounds, 8.15 ounces of marijuana. Marijuana is a Schedule I controlled substance.

24. On January 6, 2022, the grand jury returned an indictment charging SMITH with conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841, and use of a communication facility to cause, commit and facilitate a felony violation of the Controlled Substances Act, in violation of 21 U.S.C. § 843(b). *See* U.S. v. Smith, 2:22-cr-3 (EDVA-Norfolk). On January 18, 2022, SMITH was arrested on the Court's warrant. At the time of SMITH's arrest, SMITH was in possession of an **Apple iPhone Model 12 Max Pro IMEI: 354860896778262**, the same phone found in SMITH's possession on September 9, 2021. The **Apple iPhone Model 12 Max Pro IMEI: 354860896778262** cell phone is currently being held at the Department of Homeland Security, Homeland Security Investigations, 200 Granby Street, Suite 600, Norfolk, Virginia 23510.

25. Wherefore, your affiant makes this application and affidavit for search warrant and requests the issuance of a search warrant authorizing Homeland Security Investigations Task Force Officers, with assistance from other law enforcement officers as needed, to search the wireless/cellular telephone for the evidence described above and the items listed in Attachment A and for the seizure and safekeeping of said evidence, subject to any subsequent order of the court having jurisdiction thereof.

_____
Tammy M. Regan
Task Force Officer, HSI

Subscribed to and sworn before me
this 28th day of January 2022.

_____
United States Magistrate Judge

6